ROBERT M. FLEMING, Judge pro tern.
This is an appeal by a co-defendant, Allstate Insurance Company, from a summary judgment entered in favor of Beneficial Management Corporation of America and Employers-Commercial Union Insurance Companies.
On August 24, 1971, the plaintiff Brink filed a suit alleging that he was injured in an auto accident caused by the negligence of Joseph S. Corona, Jr. The suit was against Corona, his alleged employer, Beneficial Management Corporation, and its insurer Employers-Commercial Union Insurance Companies. In the alternative it was alleged that if it should be determined that Corona was not employed by Beneficial, then Corona would be uninsured and accordingly the plaintiff should recover from plaintiff’s own insurer Allstate under his “uninsured.motorist” clause in the policy.
On January S, 1971, prior to the time any other pleadings were filed, Beneficial and Employers-Commercial Union filed a motion for a summary judgment and attached affidavits tending to prove that Corona was not employed by Beneficial on the date of the accident.
Only the plaintiff was served with copies of the application and notice of the hearing of the summary judgment.
Judgment on the motion was signed on May 1, 1972, dismissing Beneficial and its insurer from this case.
Allstate has perfected this appeal from that judgment contending that it is entitled to notice of the hearing and asserting that it had a right to be present and contradict the affidavits of the mover and that it is prejudiced by the judgment as, by dismissing Beneficial from the suit, the court in effect ruled, that Corona was not employed by it ergo Allstate would be liable to the plaintiff under the uninsured motorist clause of this policy.
Article 966 of the Code of Civil Procedure establishes the procedure by which a motion for summary judgment is predicated. It provides:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s *815 motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time,
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1.”
The article provides that the adverse party shall be served at least ten days before the hearing and that the adverse party may serve opposing affidavits prior to the hearing.
The appellees contend that the plaintiff and not Allstate was the adverse party and that Allstate being a co-defendant need not be served.
Black’s Law Dictionary defines “adverse” as meaning; opposed; contrary; in resistence or opposition to a claim, application or proceeding. Having opposing interests; having interests for the preservation of which opposition is essential.
We find that Allstate’s interests were very adverse to that of Beneficial as Allstate’s liability would attach under its uninsured motorist clause on a finding that Corona was not an employee of Beneficial and not otherwise insured.
We hold that Allstate, as a co-defendant, under the facts of this case was an “adverse party” under the provisions of C.C.P. art. 966 and that it was entitled to be served with the motion for a summary judgment and notified of its hearing. Since it was not so served nor notified the judgment of the district court granting the summary judgment is erroneous.
Accordingly, the judgment of the district court granting the summary judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are to be borne by defendant-appellee.
Reversed and remanded.