BYRNES, Judge.
Appellants appeal the sustaining of the peremptory exception of no cause of action to certain defendants by the lower court.
On December 1,1977, a petition for damages was filed on behalf of the minor child, Todd Lance Pellegal, by his parents. The named defendant was Eugene Dureau. The petition avers that on November 29, 1977, defendant, Dureau, accidently shot the minor child, Pellegal, who asks for damages. Dureau answered on January 18, 1978 and pleaded the affirmative defense of contributory negligence on behalf of the boy. Dureau was deposed on *351 January 19, 1978. The first supplemental and amending petition was filed by plaintiffs on November 29,1978 and added other defendants including Ralph Ferrento, Chief Deputy Sheriff, both in his official capacity and individually, Herman Schoenberger, individually and in his capacity of Sheriff and Tax Collector of Plaquemines and International Surplus Lines, Inc, the insurer of one or more of the defendants, but failed to state a cause of action against these particular defendants.
On January 7, 1981, Ralph Ferrento and Herman Schoenberger, individually and in their official capacities filed peremptory exceptions of no cause of action. On that same date, International Surplus also filed a peremptory exception of no cause of action, claiming that since the allegations did not state a cause of action against Schoen-berger and Ferrento, the insurance company could in no way be held liable as their insurer. After filing these exceptions, the plaintiff filed a second supplemental and amending petition. That petition went into detail unlike the first supplemental and amending petition which took almost a notice pleading approach. The second supplemental and amending petition alleged specific facts upon which liability would be premised if these facts were found to be true.[1]
In Metoyer v. Sewerage and Water Board of New Orleans, 100 So.2d. 792 (1958) the court stated: “The exception of no cause of action raises only the question of whether on the allegations of the petition, if true, there are facts which justify recovery; Is there a “cause” on which suit may be based?”
In Williamson Marine Transport, Inc. v. Louisiana Tax Commission, 293 So.2d. 29, 1974. The court, addressing itself to dealing with issues raised by an exception of no cause of action, stated: “In resolving issues raised by an exception of no cause of action, all well pleaded facts must be accepted as true.”
When the defendant filed the exception of no cause of action, it may well have been sustained, however, the subsequent filing of the second supplemental petition cured defects complained of in the exception.
Therefore the finding of the trial court sustaining the exception of no cause of action is reversed.

. Paragraph 1-B stated in part, that Schoenber-ger and Ferrento were responsible vicariously under the doctrine of respondeat superior for failing to establish proper guidelines or standards concerning distribution or use of firearms of Sheriffs office personnel and permitting unqualified persons to receive firearms.
Paragraph 1-C stated in part, that Ferrento should have known that Dureau was incompetent to use said pistol that was allegedly furnished him and alleged further acts of negligence on the part of Ferrento.
Paragraph 1-D stated in part, that Schoenber-ger allowed the pistol to be furnished Dureau and had a duty to examine this gun recipient for competency prior to the distribution.