427 So.2d 55 (1983)
Etienne PELLEGAL, Jr. and Joyce Trouillet, Wife of Etienne Pellegal, Jr., Individually and as Administrators of the Estate of Their Minor Child, Todd Lance Pellegal.
v.
Eugene DUREAU (Ralph Ferranto, International Surplus Lines, Inc. Herman Schoenberger, Sheriff, Parish of Plaquemines, and the Sheriff's Office for the Parish of Plaquemines, State of Louisiana).
No. CA 0227.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
*56 Frederick J. Gisevius, Jr., David E. Caruso, Jr., New Orleans, for plaintiffs-appellants.
A.W. Wambsgans, Cronvich, Wambsgans & Michalczyk, Metairie, for defendants-appellees.
Before REDMANN, SCHOTT and WILLIAMS, JJ.
SCHOTT, Judge.
This is a suit for damages sustained by plaintiff, Todd Lance Pellegal, in an accidental shooting by Eugene Dureau. Joined as defendants were Ralph Ferranto, Chief Deputy Sheriff of Plaquemines Parish, Herman Schoenberger, the Sheriff, and International Surplus Lines, an insurer, on the ground that Ferranto was negligent in supplying Dureau with the gun when he should have known that Dureau was incompetent and that Schoenberger was vicariously liable for Ferranto's negligence. Plaintiff's case against these defendants was dismissed on their motion for summary judgment and he has appealed. The issue is whether the documents of record exclude all genuine issues of material fact, such as to entitle defendants to a summary judgment under LSA-C.C.P. Art. 966.
A motion for summary judgment should be granted only if the pleadings, depositions and affidavits show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts before the court is a summary judgment warranted. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover and any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). With these principles in mind we must consider the record in this case which consists of a deposition of Dureau, affidavits by Ferranto and Schoenberger, and countervailing affidavits in behalf of plaintiff by Leonard Riley and Etienne Pellegal, Jr., the plaintiff's father.
*57 The uncontested facts are these: In November, 1977, Dureau was showing a .22 caliber gun to plaintiff, who was then a minor, when the gun fired and struck the minor. Dureau was a 76-year old elected constable in Plaquemines Parish and also held a card signed by Schoenberger designating him as a special deputy sheriff of Plaquemines Parish. A few months before this incident the gun was given to Dureau by Ferranto at the sheriff's office. The gun had a "hair trigger" so that it was easily fired.
Plaintiff alleged that Ferranto was liable because he should have known that Dureau was incompetent to use the pistol and that Schoenberger was vicariously liable for Ferranto's negligence and primarily liable for his own negligence in failing to establish guidelines for the distribution of fire arms by his personnel. When this case was previously before this court on an exception of no cause of action filed by defendants and sustained by the trial judge another panel held that these allegations did state a cause of action against defendants and reversed the trial court. 410 So.2d 350 (No. 12534 on the docket, decided February 9, 1982).
The specific question before us now is whether this alleged constructive knowledge by Ferranto of Dureau's incompetence is left at issue considering the documents in the record.
In his affidavit Ferranto stated that during the many years he knew Dureau he never engaged in any conduct which led him to believe that Dureau had any difficulty understanding conversations or ideas and he had no reason to suspect any physical or mental infirmities on the part of Dureau. Schoenberger stated that he was well aware of Dureau's mental and physical capabilities but never had any reason to suspect that he had any physical or mental infirmities, but rather Dureau always appeared to be reasonable and rational. While these affidavits might compel the conclusion that Ferranto had no actual knowledge of Dureau's incompetence, the issue is constructive knowledge, i.e., whether he should have known. The next question is whether the countervailing affidavits of Riley and Pellegal place Ferranto's constructive knowledge at issue considering those affidavits in the most favorable light in plaintiff's favor and resolving every doubt in his favor. Much in the affidavits is conclusory and many of the facts mentioned do not seem to support a conclusion of incompetence, such as Dureau's forgetfulness mentioned by Riley. However, Riley stated that he often saw Dureau pull out a gun and wave it around in a public place and Pellegal stated that on several occasions he saw Dureau stopping traffic on the highway at many locations within the parish by standing in the roadway and waving his hands for no reason whatsoever and after stopping a given automobile Dureau "just said he wanted to see how they were doing."
We have concluded that these affidavits, although weak, place at issue Ferranto's constructive knowledge of Dureau's alleged incompetence at the time he supplied Dureau with this gun. The real test for the validity of a summary judgment is whether there is any factual issue to go to the trier of fact, in this case a jury. Plaintiff's countervailing affidavits demonstrate that he will be able to place at least one witness on the stand who will testify to bizarre behavior on Dureau's part on more than one occasion in public places. From this testimony a jury may infer that Ferranto as chief deputy of the parish should have known about this bizarre behavior and inquired into his competence to possess this dangerous weapon. A motion for summary judgment is not a substitute for a trial, and while it may appear that plaintiff will not prevail at the trial of the case this does not warrant the rendition of a summary judgment depriving plaintiff of a trial. Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir.1976).
Having concluded that the summary judgment was improperly granted in favor of Ferranto we must consider Schoenberger's position. The record does not indicate that he had any knowledge of Ferranto's giving this gun to Dureau but there is sufficient *58 documentation to place at issue his vicarious liability for Ferranto's alleged negligence. The gun was apparently the property of the sheriff's office and the conversation leading up to Ferranto's giving the gun to Dureau as well as the physical transfer of the gun took place in the sheriff's office. The inference is clear that Ferranto was motivated by his desire to provide some security to his fellow officer. If it appears that Ferranto was acting in his official capacity as chief deputy sheriff, Schoenberger would be liable in his official capacity as sheriff, although not in his personal capacity, for Ferranto's conduct. Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981).
Defendants make much of the fact that Dureau was a constable of the parish and as such entitled to carry a concealed weapon. They contend that Dureau's right to have the gun exempted Ferranto from inquiring into Dureau's competence to have it. The flaw in this argument is that Ferranto and Schoenberger had no obligation whatsoever to supply Dureau with the gun. If we assume that Dureau was obviously incompetent and that Ferranto had actual knowledge of his condition Ferranto would surely have breached a duty to the public by furnishing him with the gun knowing that he was incompetent. The fact that Dureau might get a gun elsewhere would not excuse Ferranto from supplying the gun to him under these circumstances. The same logic applies in the case of Ferranto's alleged constructive knowledge of Dureau's incompetence.
Finally, we have considered the question that the majority of the people of the parish elected Dureau to this position as they had for some 40 years so that they must not have considered him incompetent at the time of the last election prior to this incident. Thus, how can it be said that Ferranto should have known of Dureau's incompetence! This might be important evidence for the jury to consider at trial but it still does not eliminate the issue of constructive knowledge on Ferranto's part. Plaintiff may be able to prove at trial that Dureau was incompetent even though elected to the office and that his incompetence was so widely known that Ferranto should have known about it, especially considering his position as chief deputy sheriff. Again, we do not suggest that plaintiff can prove these points but only that he is entitled to a trial on the merits.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff and against defendants, overruling their motion for summary judgment. The case is remanded to the trial court for further proceedings. The costs of this appeal are taxed against defendants and all other costs are to await the outcome of the case.
REVERSED AND REMANDED.