LOBRANO, Judge.
This litigation arises out of an accident in which the plaintiff, Roberto Miranda, was allegedly injured when the taxi cab in which he was a passenger was struck in the rear by an automobile owned by defendants, Barbara O’Brien, wife of/and William C. Gant and operated by defendant, Gina O’Brien. The defendant, Gina O’Brien is the daughter of Barbara O’Brien Gant and resided with her and her step-father William Gant at the time of the accident. The defendant, Cumis Insurance Society, insured the O’Brien-Gant vehicle.
Plaintiff filed suit against the Checker Cab Co., Inc., and its driver, as well' as Barbara O’Brien, William C. Gant, Gina O’Brien and Cumis Insurance Society. Defendants Barbara O’Brien/Gant/Cumis filed a motion for summary judgment to have plaintiff’s petition dismissed. From the granting of that motion plaintiff and co-defendant Checker Cab have appealed.
Appellants allege the following specifications of error:
1) The court below, notwithstanding a Stay Order issued by the United States District Court for the Eastern District of Louisiana, proceeded to consider the Motion for Summary Judgment of O’Brien/Gant/Cumis, and granted .same.
2) Said grant of the Motion for Summary Judgment was contrary to law due to the continuing existence of genuine issues of material fact.
3) Checker Cab, Inc. was not affored appropriate notice of the motion.
A review of the record indicates that appellants’ arguments are without merit.
Checker Cabs, Inc. and Yellow Cabs, d/b/a Checker-Yellow Cabs, along with certain other corporate entities were placed into the Receivership Trust Estate of Safety Finance Service, Inc., by the Honorable Robert F. Collins, District Judge, United *490 States District Court for the Eastern District of Louisiana pursuant to a consent judgment entered into prior to the date of the subject accident.
Checker asserts that Judge Collins by federal statute, 28 U.S.C. 2283, has stayed all actions in federal and state courts, mandating that plaintiffs in such actions have their proceedings reviewed by the Court holding jurisdiction. Thus on October 4,1982 Checker submitted a motion and order for the plaintiff to show cause why the proceedings should not be stayed until a determination could be made regarding such issues as the ownership of Safety Finance Service, Inc. and its ancillary assets; disposition of Safety Finance Service, Inc. assets; questions of corporate, personal and professional liability, and the net value of the receivership. It should be noted that that motion was never heard and that a copy of Judge Collins stay order was never filed with the trial court.[1] No action has been taken in federal court towards a mandated review of appellees’ motion for summary judgment. In fact, no injunction has been granted by Judge Collins against these proceedings, nor is there evidence in the record of one being sought. Thus, Checker’s motion to stay filed in the Court below obviously has no effect upon the proceedings since it was never granted. We therefore turn to the merits of the summary judgment.
Appellants assert that there are genuine issues of material fact to be tried by the Court and as such a summary judgment should not have been granted.
A motion for summary judgment should be granted only if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that mover is entitled to a judgment as a matter of law. La.G.C.P. Art. 966. The adverse party to a motion for summary judgment may not rest on his mere denial of allegations as set forth in his pleadings. He must respond, by affidavit or deposition or other admissible evidence, setting forth specific facts showing that there is a genuine issue for trial. La.C.C.P. Art. 967.
In support of their motion for summary judgment appellees attached the affidavits of Barbara O’Brien and William C. Gant. Additionally they attached a copy of Cumis’ Automobile Liability Policy. In pertinent part, the Cumis policy states that coverage is provided to the following individuals:
“Persons Insured:
Under the Liability and Medical Expense Coverages, the following are insured:
(a) with respect to an automobile
(1) The named insured,
(2) Any other person using such automobile with the permission of the named insured, provided his actual operation of (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;”
Clearly under the terms of the policy, , coverage is dependent upon permission. In their affidavits Barbara O’Brien and Gant state that:
1) at the time of the accident Gina O’Brien was 18 years old and of the legal age of majority.
2) Gina O’Brien was not and never has been licensed to drive a motor vehicle.
3) Gina O’Brien had never driven their car.
4) Gina O’Brien had never been given permission to drive their car.
5) That on the date of the accident Gina O’Brien had not been given permission to drive their car.
In opposition to the motion, appellants rely on their original pleadings as well as their memorandum in opposition thereto. The memorandum asks various questions *491 such as, how and why Gina got access to the car and why at 18 she still lived at home.
Appellants argue that the very fact Gina O’Brien was able to steal the car indicates some basis of negligence. Although the memorandum raises several suggestions as to what could have happened, there is no specific contradictory evidence, nor countervailing affidavits to raise a material issue of fact. Mere suppositions are not sufficient to rebut the motion.
Although we agree that a summary judgment should be used sparingly, and should not be a substitute for a trial, we nonetheless affirm the summary judgment granted herein. “The real test for the validity of the summary judgment is whether there is any actual issue to go to the trier of fact...” Pellegal v. Dureau, 427 So.2d 55 (La.App. 4th Cir.1983) at 57. Appellees have established in support of their motion that there is no material fact at issue. In response appellants failed to establish anything to the contrary. If there were conflicting affidavits, depositions or other evidence, it would not be the function of the court to decide those issues on a motion for summary judgment as those would be properly determined at trial. However, as stated above, appellants offered nothing to the contrary.
Appellant argues that they had inadequate time for discovery and thus were unable to uncover any evidence to counter appellees affidavits, etc. Checker claims that the trial judge erred in not granting an extension of time in which to engage in discovery prior to the granting of the summary judgment. The alleged reason Checker gives for not having engaged in such discovery prior to the time of the motion is that they believed the stay order prevented them from doing so. Plaintiff and Checker had from June 1982 until November 1982 in which to conduct discovery. Neither party can rely on an unheard motion to stay as a denial of the opportunity for discovery.
La.Code of Civil Procedure Article 967 states that the granting of a continuance to permit further discovery is purely within the wide discretion of the trial judge and accordingly his decision should be reversed only upon a showing of an abuse of that discretion. Chatman v. Thor Offshore Boat Service, Inc., 410 So.2d 784 (La.App. 4th Cir.1982). Based upon our facts, it is quite clear that the trial judge did not abuse his discretion when he denied Checker’s request for an additional opportunity for discovery. In essence the only thing asserted by appellants in response to the motion for summary judgment was that they did not have any knowledge of facts needed to defeat the motion. As stated in Miller v. East Ascension Telephone Co., 263 So.2d 360 (La..App. 1st Cir.1972), writ refused, 266 So.2d 430 (La.1972), cited in Chat-man, 410 So.2d at 786, this is not sufficient to preclude summary judgment:
“The mere denial of the knowledge of facts needed to countermand a motion for summary judgment does not constitute a sufficient response to such a motion, and in the absence of affidavits with specific allegations of fact to reflect that a genuine issue exists, the opposition is inaffec-tual, and the motion for summary judgment will be granted. Citing Bally, Case & Cooler, Inc., v. I.A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4th Cir.1971).
Appellant, Checker Cab, also asserts that they were not properly notified of the motion for summary judgment, and therefore the granting of same was improper. We disagree. The motion for summary judgment was filed November 2, 1982. Although Checker was not served, they received a copy of said motion by mail. The hearing date of November 19,1982 was not set forth in said copy. However, on November 12,1982, Checker filed an opposition memorandum to the motion. The hearing was held on November 19th. Checker was not present at the hearing, but all other parties were. The motion was granted on that date. Checker then filed a motion for a new trial on the motion for summary judgment and same was fixed for hearing on December 3,1982. On December 3,1982 the application for new trial was argued and denied. On December 19, 1982 a mo *492 tion for new trial filed by plaintiff was also heard and denied.
Article 966 of the Louisiana Code of Civil Procedure provides, in part:

“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing...”
The motion for summary judgment was filed by appellees seeking a judgment dismissing plaintiff’s suit. There were no third party claims filed against or by appellant Checker Cab, Inc., and therefore they were not “adverse” to appellees position. Appellant Checker argues that Brink v. Beneficial Management Corporation of America, 284 So.2d 813 (La.App. 4th Cir. 1973) supports their position that as a co-defendant they should have been notified of the original hearing date. We disagree. In Brink the non notified co-defendant was the plaintiff’s uninsured motorist carrier whose liability depended on whether the other co-defendant was insured. If the other co-defendant was employed by Beneficial, then he was insured. If not, then he had no insurance. The Court ruled that Beneficial’s motion for summary judgment alleging that the driver of the adverse vehicle was not its employee was certainly a position adverse to the uninsured motorist carrier, hence notice was required.
In the instant case, the liability of Checker to plaintiff does not depend on the outcome of the co-defendant’s motion for summary judgment. Further, Checker Cab, Inc. was given ample opportunity to argue its opposition to the granting of the summary judgment at the December 3rd hearing.[2] We find no abuse of the trial court’s denial of that motion.
For the above and foregoing reasons the judgment of the lower court is affirmed. Appellants to bear all costs.
AFFIRMED.

. Appellees have attached a copy of the purported Federal Stay Order to its response brief. Even though this Court is to decide this matter only on the record before it, a consideration of that order still does not convince us the motion for summary judgment was a violation of same.

. Actually, the hearing on the motion for a new trial of the motion for summary judgment was a re-argument of the merits of the summary judgment motion. The memorandum of appellant-Checker raises all of the arguments raised on appeal concerning the merits of the motion for summary judgment.