WILLIAMS, Judge.
Doris R. Alonzo instituted this action against each of the above-named defendants seeking damages for injuries she allegedly sustained on September 29, 1982, when she slipped and fell as a result of stepping off a sidewalk onto an unpaved portion of ground in front of the Paris Shopping Center located in St. Bernard Parish. In the course of the proceedings, the St. Bernard Parish Police Jury [“Parish”] moved for and was granted summary judgment on the grounds that it neither had an ownership interest in, nor a servitude over the property on which Mrs. Alonzo sustained her injuries. From this judgment Mrs. Alonzo has brought this appeal.
The Paris Shopping Center is located on Square 161 in what is known as the Vers-aille Plantation Subdivision. It is entirely owned by A. Louis Sizeler, Marilyn Sizeler Lassen, Sidney W. Lassen, Sherryl Lassen Buring and Jill Lassen Davis as Trustees of the various Sizeler and Lassen Trusts [“Sizelers”]. Mrs. Alonzo’s petition states that the sidewalk fronts and extends outward from Eckerd’s Drugstore located in the Paris Shopping Center. The unpaved portion of ground lies between and abuts the sidewalk and Solidelle Street which runs directly in front of the shopping center. She claims that the sidewalk extends 12" to 13" above the street level and because grass had been allowed to grow on the strip of ground, it concealed the height of the sidewalk and a hole in the ground on which she tripped when she stepped off the sidewalk. Her cause of action against the Sizelers is based on the alleged faulty construction of the sidewalk. Additionally, she argues the strip of ground is a Parish right-of-way over which the Parish had custody and control and they are liable for their failure to properly maintain it.
In support of its motion for summary judgment, the Parish attached a map of the Versailles Plantation Subdivision entitled the Reconstruction of the Plan of Versailles. A caption on the bottom of the map indicates that the reconstruction was based on an original survey performed by Joseph Pilie, Parish Surveyor, dated April 15, 1937, and deposited in the Office of Theodore Seghers, Notary Public of Orleans Parish, as Plan No. 85. Reference to the map shows that Square 161 is bounded by Paris Road (State Highway 61), Josephine Street, Buffon Street and Solidelle Street. According to the map, the physical dimensions of Square 161 measure 338'4", 3 lines front on Paris Road, 260'6" front on Josephine Street, 338'4", 3 lines front on Buffon Street and 260'6" front on Solidelle Street.
*1287 The Parish filed two affidavits in support of its motion for summary judgment.
An affidavit from Penelope Whitmore, a paralegal, submitted on behalf of the Parish states that she conducted a search of the public records which revealed the Parish had no ownership interest in or a servitude over any portion of Square 161. An affidavit submitted by Thomas P. Reed, the St. Bernard Parish Engineer, states that a search of work orders on file in his office dating back to 1963 failed to produce any evidence that maintenance had been performed on the property.
Mrs. Alonzo does not dispute that the Sizelers own the entirety of Square 161. Rather, it is her argument that the physical dimensions of Solidelle Street and the length of the sidewalk are unknown because these facts were not provided in the map or affidavits. She argues that in the absence of this evidence, a factual issue remains whether this strip of land forms part of Square 161, or is a Parish servitude.
The Parish counters by arguing that the sale of lots with reference to the subdivision plan resulted in an implied dedication which granted the Parish a servitude of public use over Solidelle Street. They argue that it is irrelevant whether the filing of the subdivision plan included this strip of land, because a servitude exists only over that portion of ground actually dedicated as Solidelle Street. Any servitude that may have existed over adjacent property for this purpose, they argue, has been extinguished by ten (10) years non-use.
A motion for summary judgment should be granted only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that mover is entitled to a judgment as a matter of law. La.C.C.Pr. Art. 966. Summary judgment is to be used sparingly and should not be a substitute for a trial. Strickland v. Board of Supervisors of Louisiana State University, 432 So.2d 964 (La.App. 4th Cir.1983). “The real test for the validity of a summary judgment is whether there is a factual issue to go to the trier of fact ...” Pellegal v. Dureau, 427 So.2d 55 (La.App. 4th Cir.1983).
In the case before us, the evidence produced by the Parish clearly establishes the Sizelers’ title to Square 161 as evidenced by an unbroken chain of transfers dating back as far as 1880. What the evidence fails to establish is the exact location of the strip of ground. It may be included in the Sizel-ers’ title, it may be part of the area dedicated as Solidelle Street on the subdivision plan, or it may very well form part of both. This is a factual issue, not a legal one, that can be simply resolved by having a survey made of the property in question. Accordingly, summary judgment was improperly granted under the evidence presented.
For the foregoing reasons, the decision of the trial court granting summary judgment is reversed and this case is remanded for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.