504 So.2d 619 (1987)
Elliot SCHMIT
v.
ST. BERNARD PARISH POLICE JURY St. Bernard Parish Planning Commission, Zoning Administrator for the Parish of St. Bernard and the Board of Zoning Adjustments for the Parish of St. Bernard.
No. CA-6160.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Rehearing Denied April 15, 1987.
Writ Denied June 19, 1987.
*620 Regel L. Bisso, Hulse, Nelson & Wanek, New Orleans, for plaintiff.
Jerald N. Andry and Gilbert V. Andry, III, New Orleans, for defendants.
Before GULOTTA, BARRY and WARD, JJ.
BARRY, Judge.
Mr. and Mrs. Gene Jackson appeal a preliminary injunction which enjoins them from obstructing a street. The judgment orders them to remove a fence encroachment and dissolves their temporary restraining order against the St. Bernard Parish Police Jury and the Department of Safety and Permits.
Elliot Schmit, a neighbor of the Jacksons, originally filed a mandamus which alleged zoning violations because of a structure being built by the Jacksons. The Jacksons intervened as owners of the property and holders of the construction permit. Mr. Schmit amended his petition to name Mr. and Mrs. Jackson as defendants, alleged they erected a fence beyond their property line which encroached on the right-of-way of D'Alembert St., and prayed for a preliminary injunction.
The trial court enjoined the Jacksons from encroaching on D'Alembert St. and ordered them to remove their fence. The court found there was substantial compliance with La.R.S. 33:5051 and concluded D'Alembert St. is an unopened, unimproved, but dedicated street owned by the Parish.
The issues in the mandamus action were partially settled. Schmit agreed to dismiss the zoning violation claim in return for the Jacksons to dismiss their claims. The other actions were dismissed with prejudice. Since the petition for injunctive relief was not filed against the Parish or its agencies, those defendants were dismissed from the suit.
The Jacksons own Lot 11, square 149 in Versailles Subdivision; Schmit owns squares 147 and 148 directly across on D'Alembert St.
Mr. Jackson testified that a fence was in place long before he purchased his lot. Jack Stephens (now Sheriff, at the time Director of the St. Bernard Planning Commission) supported that claim. He testified that he remembered checking the area and observed an old fence which was located within D'Alembert St. He did not take measurements, but decided Jackson could replace the fence with a new one in the same location. Steven Price (employed by the Planning Commission) who accompanied Stephens and corroborated his testimony.
Mr. Schmit vehemently denies a fence ever existed on the D'Alembert St. right-of-way until Jackson erected one around 1982. Eugene Estopinal, an expert in civil engineering and land survey, supported Mr. *621 Schmit's claim based on surveys he made in 1964 and 1978. His 1964 survey shows a fence on the property line of lot 11 fronting on D'Alembert St. His 1978 survey does not show a fence. He made another survey in 1982 (requested by the Policy Jury) and it shows a fence obstructing the D'Alembert St. right-of-way.
The issue is whether there was substantial compliance with La.R.S. 33:5051 (its predecessor was Act 134 of 1896), the statutory basis for dedication in Louisiana, which provides:
Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use.
To effect a statutory dedication complete and detailed compliance is not a requisite. Substantial compliance will suffice. Garrett v. Pioneer Production Corporation, 390 So.2d 851 (La.1980); Morris v. Parish of Jefferson, 487 So.2d 647 (La. App. 5th Cir.1986). There is no set test as to what constitutes substantial compliance. The facts in each case must be considered. Formal acceptance or use by the public is not necessary. 2 Yiannopoulos, Civil Law Treatise: Property § 65 (2d Ed.1980) [Yiannopoulos ]. See also Arkansas-Louisiana Gas Company v. Parker Oil Company, 190 La. 957, 183 So. 229 (1938).
The dedication is usually complete upon the recordation of a map or plat containing a description of streets dedicated to public use. Such formal statutory dedication vests ownership in the public. Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir.1983), writ denied 437 So.2d 1147 (La.1983). The effect of formal dedication is to divest the original owner irrevocably of title and to remove the property from commerce. It is not susceptible of private ownership. City of Covington v. David, 486 So.2d 837 (La. App. 1st Cir.1986), writ denied 488 So.2d 693 (La.1986).
If the fact of dedication is doubtful, the conduct of the parties may be considered as corroborative evidence of such intent. Implicit in the act of filing a plan in a map book of the parish is the intent of the subdivider to dedicate the streets to public use. Garrett v. Pioneer Production Corporation, supra.
*622 If substantial compliance is not found, there is a good argument that streets of this subdivision were dedicated to public use by a formal non-statutory dedication by filing a plat indicating the public streets and selling lots with reference to the recorded plat or map. Anderson v. Police Jury of East Feliciana Parish, 452 So.2d 730 (La.App. 1st Cir. 1984), writ denied 457 So.2d 13 (La.1984), citing Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1st Cir.1967), writ denied 251 La. 46, 202 So.2d 657 (1967). See also Yiannopoulos at § 65.
Any formal express act by the owner which shows an intent to dedicate will suffice and ownership is conveyed. Anderson v. Police Jury of the Parish of East Feliciana, supra. See also Comment, The Third Dimension of Dedication in Louisiana, 30 LA.L.REV. 583 (1970). The intent to dedicate must be clearly established by the evidence. Ross v. City of Covington, 271 So.2d 618 (La.App. 1st Cir.), writ refused 273 So.2d 844 (La.1973).
Property owned by the state may not be acquired through prescription. La. Const. Art. XII, § 13; Todd v. State through Department of Natural Resources, 456 So.2d 1340 (La.1983), amended on rehearing 474 So.2d 430 (La.1985).
Mr. Jackson purchased lot 11 as president of Wheel & Rudder Marine, Inc. on April 21, 1975. On December 21, 1982 Wheel & Rudder transferred title to Mr. and Mrs. Jackson and the act of sale described the property as:
A CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Bernard, State of Louisiana, in that part thereof known as VERSAILLES, and according to a survey made by Errol E. Kelly, Surveyor, dated September 30, 1967, a copy of which is annexed to an act before William L. Andry, Notary Public, dated November 16, 1967, said lot of ground is located in SQUARE 149, bounded by La Place Street, D'Alembert Street, Prosper Street and Solidelle Street, and is designated as LOT NO. 11, and measures fifty (50') feet front on Solidelle Street, the same width in the rear, by a depth of one hundred eighteen (118') feet between equal and parallel lines. Lot No. 11 forms the corner of D'Alembert Street and Solidelle Street.
The property is clearly part of the Versailles Subdivision. The original plan prepared by J. Pilie, City Surveyor, in 1837 established the width and depth of all squares of land and sets out streets. The plan was deposited in the office of Theodore Seghers, Notary Public of Orleans Parish, as Plan no. 85 of his Plan Book.
The Pilie plan was referenced in numerous title transfers of Versailles Subdivision lots and squares including the act dated September 29, 1920 which adjudicated squares 147 and 148 (now Mr. Schmit's property) and 149 (where Mr. Jackson's lot 11 is located) to Mr. Joseph Ebert, highest bidder at an auction. The Pilie plan or map is also referred to in ordinances passed by the St. Bernard Police Jury to revoke dedication of streets in the Versailles Subdivision.
Mr. Estopinal testified the original map was about 2' by 8' and was copied by surveyors by hand. It was of record in the New Orleans Notarial Archives over 30 years ago and also in St. Bernard Parish. A civil engineer reconstructed the map in 1946 and created a reasonable facsimile (noting the plan was not found of record at that time). Mr. Estopinal stated the reconstruction is what he uses and what is utilized by surveyors. It is a true copy of the Pilie plan.
Mr. Jackson takes issue with any reliance on the reconstructed map as a source for dedicated streets. However, that document has been utilized to establish dedications in this court without such opposition. See Alonzo v. Sizeler Realty Company, Inc., 483 So.2d 1285 (La.App. 4th Cir.1986).
*623 Additionally Mr. Schmit notes the reconstruction qualifies as an ancient document under La.R.S. 13:3729, a map which has been recorded for 30 years or more. There is thus a prima facie presumption of the execution and genuineness of the instrument. La.R.S. 13:3730.
Mr. Jackson points to the lack of proof of a statutory dedication relating to: the identity of the landowner at the time Pilie prepared the subdivision plan, whether the landowner sold property pursuant to that plan, and whether the landowner filed the Pilie plan.
In Garrett v. Pioneer Production Corporation, 390 So.2d at 856, n. 3, the Supreme Court declared there was no statutory requirement that the landowner must be responsible for filing the map. In that case the identity of the person who recorded the survey plan in the conveyance office was not known, sales occurred prior to the recordation of the map, there was no certificate of a parish surveyor or formal act of dedication, and some street names were not shown. Nevertheless the Supreme Court considered the many sales made after recordation referring to the plat, determined there was an implicit intent to dedicate, and found substantial compliance.
In Dart v. Ehret, 466 So.2d 1336 (La. App. 5th Cir.1985), writ denied 468 So.2d 575 (La.1985), the court was confronted with a recorded plan but no certification by a parish surveyor or formal dedication, the identity of the person who recorded the subdivision plan (the Grevemberg Plan) was unknown as well as the date of recordation, the owner never made a sale referencing the Grevemberg survey, and some streets were unnamed. There was testimony of the position of the survey or plan in the map book of the Jefferson Parish conveyance records, but that did not indicate the date of filing. An expert abstractor testified the Grevemberg plan had been recorded for over 30 years.
Dart cited Garrett and concluded the land had been subdivided according to the plan prior to the sale at issue even though the plan was not attached to the act of sale in Jefferson Parish. The plan showed strips obviously intended to become streets (although unnamed) running between developed streets and highways. The court upheld the trial court's finding of substantial compliance.
Another unnamed street in the Grevemberg plan was at issue in Morris v. Parish of Jefferson, 487 So.2d 647 (La.App. 5th Cir.1986). The Fifth Circuit upheld the granting of summary judgment to Jefferson Parish which claimed the property. The court concluded the strips were intended to be streets, noted sales made with reference to the Grevemberg survey, and determined the intent to dedicate was established.
We feel those three cases have stretched the limits of what can be considered substantial compliance. Our case is certainly closer to compliance with La.R.S. 33:5051. The Versailles Subdivision Plan prepared by Pilie in 1837 was referenced in various sales of the Jacksons' ancestors in title. Their act of sale noted the lot to be part of the Versailles Subdivision. Mr. Estopinal testified the Versailles Plan had been of record for 30 years.
Mr. Schmit points out that a St. Bernard Parish Police Jury ordinance dated June 15, 1942 formally revoked the dedication of certain streets within the Versailles Subdivision. Another ordinance dated September 10, 1974 abandons several streets including portions of D'Alembert Street. The Parish evidently felt there had been a prior dedication.
If a formal statutory dedication is not found, then a formal non-statutory dedication was arguably created since lots were sold referring to the recorded plan. See Banta v. Federal Land Bank of New Orleans, supra; Garrett v. Pioneer Production Corporation, 390 So.2d at 857-858, n. 6. See also Yiannopoulos at § 65.
Since D'Alembert Street was formally dedicated to public use, the Jacksons could not acquire part of the right-of-way by acquisitive prescription. The location of the alleged "old" fence and when it existed is irrelevant.
*624 The judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.